# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

No. 24-10460

MT. HAWLEY INSURANCE COMPANY,

Appellant,

v.

H&M BUILDERS, LLC, et al.,

Appellees.

---

## JOINT STATUS REPORT &
## STIPULATION THAT LIVE CONTROVERSY REMAINS

---

On Appeal from the
United States District Court for the Southern District of Florida
No. 1:22-cv-23091-KMM

BUTLER WEIHMULLER KATZ
CRAIG LLP
FAY E. RYAN, ESQ.
Florida Bar No. 0965944
fryan@butler.legal
ADAM M. TOPEL, ESQ.
Florida Bar No. 113916
atopel@butler.legal
Secondary:
rburnison@butler.legal
400 North Ashley Drive
Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
*Counsel for Appellant, Mt. Hawley
Insurance Company*

REED SMITH LLP
CHRISTOPHER T. KULEBA,
ESQ.
Florida Bar No. 105302
ckuleba@reedsmith.com
GARRETT S. NEMEROFF, ESQ.
Florida Bar No. 111675
gnemeroff@reedsmith.com
200 South Biscayne Boulevard,
Suite 2600
Miami, Florida 33131
Telephone: (786) 747-0200
Fax: (786) 747-0299
*Counsel for Appellee H&M
Builders, LLC*

## JOINT STATUS REPORT & STIPULATION THAT LIVE CONTROVERSY REMAINS

Pursuant to this Court's Order of December 10, 2025, the parties submit the following status report regarding the state-court case underlying this appeal, along with a joint stipulation that a live controversy remains.

## I.    Status Report

This appeal follows a January 11, 2024 order (D.E. 77) denying Appellant, Mt. Hawley's Motion for Summary Judgment and granting Appellee, H&M's Motion for Summary Judgment (the "Summary Judgment Order").  As the district court put it, the parties' cross-motions for summary judgment dealt with "the singular issue before the Court: Whether Plaintiff [Mt. Hawley] has a duty to defend Defendant H&M in an underlying state court litigation (the 'Underlying Action')."  (D.E. 77 at 1.)[1]  The district court determined that Mt. Hawley had a duty to

---

[1] Mt. Hawley's Complaint for Declaratory Relief filed on December 20, 2022, sought declarations regarding *both* its duty to *defend* H&M from the Underlying Action *and* its duty to *indemnify* H&M from a judgment that may be entered in the Underlying Action.  (D.E. 1 at 8.) Mt. Hawley also sought "reimbursement of all costs it incurred defending H&M because it has been defending H&M under a complete reservation of rights."  (D.E. 1 at 8.)  On February 1, 2023, H&M moved to dismiss

defend H&M in the Underlying Action and rejected Mt. Hawley's claim for reimbursement from H&M for amounts spent on H&M's defense to date. On February 9, 2024, H&M filed its verified Motion for Attorneys' Fees and Costs. That same day, Mt. Hawley filed this appeal.

On or about August 28, 2024, the parties to the Underlying Action resolved their dispute, and the plaintiff estate filed a notice that its remaining claims against defendant H&M Builders, LLC, had been amicably resolved. On October 28, 2024, the underlying trial court issued an order of dismissal, based upon the settlement agreement. (*See* D.E. 127-1 at 2.)

---

Mt. Hawley's entire complaint or, alternatively, to stay Mt. Hawley's claim for a declaration of its duty to *indemnify*. (D.E. 30 at 11.) Mt. Hawley opposed the motion to dismiss or stay. (D.E. 33.) On July 11, 2023, the district court entered an order that "granted in part and denied in part" H&M's motion, and ruled:

> The Court will retain jurisdiction over the entire case. Yet until the Underlying Action is resolved, the Court will only address issues pertaining to Mt. Hawley's duty to defend. The indemnity issues and all discovery on the same are hereby STAYED pending an adjudication in the Underlying Action.

(D.E. 40 at 6.)

2

The resolution of the Underlying Action put an end to any go-forward defense obligation Mt. Hawley owed to H&M in the Underlying Action. Although H&M disagrees with Mt. Hawley that Mt. Hawley has any right to reimbursement from H&M for defense expenses Mt. Hawley incurred on H&M's behalf in the Underlying Action (regardless of the outcome of this appeal), Mt. Hawley submits that it is entitled to recoup such defense expenses if this Court reverses the district court's Summary Judgment Order. Furthermore, the outcome of this appeal will dictate the viability of H&M's pending attorney-fee claim before the district court.

For these reasons, the parties agree that a live controversy exists and respectfully submit that this Court maintains jurisdiction over this appeal.

## II.    Stipulation that a Live Controversy Remains

The parties to this appeal agree that the dismissal of the state-court action doesn't moot this appeal.

### A.    Mt. Hawley's Claimed Right to Recoup Underlying Defense Costs Remains Affected by this Appeal.

First, the dismissal of the underlying state-court action doesn't moot this appeal, as Mt. Hawley preserved Mt. Hawley's disputed claim for reimbursement for defense expenses in the coverage action.

An underlying settlement does not moot a coverage action, where recoupment of underlying defense costs remains at issue. *See, e.g.*, *Rockhill Ins. Co. v. Coyote Land Co., Inc.*, No. 3:09CV556/MCR/EMT, 2011 WL 499991, at *1 n.2 (N.D. Fla. Feb. 4, 2011) ("The state-court suit settled . . . . Nonetheless, . . . Rockhill retains a live interest in having its obligations under the policy determined because it provided a defense to Coyote in the underlying lawsuit under a reservation of rights, and Rockhill would be entitled to recoup the costs of that defense upon a legal determination that it had no duty to defend or indemnify.  Therefore, the court retains jurisdiction over this controversy." (citation omitted)).

While H&M disputes that Mt. Hawley has any right to recoup defense expenses from H&M, the parties agree that the settlement of the Underlying Action did not extinguish Mt. Hawley's claimed right to pursue recoupment of its cost of defending H&M from the Underlying Action if it is ultimately determined that Mt. Hawley owed no duty to

defend (and any other conditions of Mt. Hawley's recoupment claim satisfied). The duty-to-defend dispute remains live, therefore, as an adjudication of that issue is necessary to establish an element of Mt. Hawley's recoupment claim.

### B.    H&M's Pending Claim for Prevailing Party Attorneys' Fees and Costs Remains Affected by this Appeal

After the district court granted summary judgment in H&M's favor, H&M moved for attorneys' fees and costs under Florida Statutes section 626.9373. Mt. Hawley opposed H&M's fee motion on the basis, among others, that H&M was not entitled to recover its attorneys' fees and costs because the district court erred in granting summary judgment to H&M on Mt. Hawley's duty to defend. Therefore, the outcome of Mt. Hawley's appeal of the district court's Summary Judgment Order has a direct impact on H&M's pending claim to recover from Mt. Hawley the attorneys' fees and costs H&M incurred in the district court action.

For these reasons, this appeal presents a live controversy and should not be dismissed as moot. *Rockhill*, 2011 WL 499991, at *1 n.2.

### C.    This Case Differs from *Medmarc*

Also noteworthy is that this case differs procedurally from *Medmarc Casualty Insurance Co. v. Yanowitch*, No. 22-11092, 2023 WL

5527761 (11th Cir. Aug. 28, 2023), which the Court cited in its jurisdictional show-cause order.

In *Medmarc*, after the insurers filed an interlocutory appeal challenging a ruling on the duty to defend, the state court dismissed the underlying action with prejudice, and "the district court granted a joint motion to dismiss the federal action as moot." 2023 WL 5527761, at *1. The insureds then moved to dismiss the interlocutory appeal as moot, too. *Id.* The insurers didn't "deny that the district court dismissed the action from which this appeal arose." *Id.* The insurers only "speculate[d] that if the interlocutory order [was] not reversed, the district court [could] later award the insureds attorneys' fees under Florida law." *Id.* A panel of this Court dismissed the insurers' appeal, stating, "We cannot provide meaningful relief when the insurers have already provided a defense and the underlying state and federal actions have since been dismissed." *Id.*

Here, unlike in *Medmarc*, the district court never dismissed the federal coverage action. At the time of the underlying state-court dismissal, the district court had already entered an order granting summary judgment for H&M in the coverage action, and consistent with that order, the district court subsequently entered a final judgment in

6

favor of H&M. (D.E. 132.) That judgment remains outstanding and in effect. The federal coverage action was never dismissed, nor did Mt. Hawley ever agree to dismiss it. It also bears emphasis that in *Medmarc*, the insured and insurers apparently never reached any agreement as the viability of the pending appeal. As a result, the insureds moved to dismiss the appeal as moot. But here, Mt. Hawley reached an agreement with H&M that the appeal could continue. Mt. Hawley submits that that agreement was part of Mt. Hawley's inducement to settle and that not honoring those settlement terms could discourage settlements, which does not serve public policy.

On these bases, *Medmarc* is distinguishable and inapplicable, and this appeal remains live.

## III.  Conclusion

In conclusion, the disposition of this appeal will resolve an ongoing, live controversy between the parties, and the appeal therefore should not be dismissed as moot.

BUTLER WEIHMULLER KATZ
CRAIG LLP

/s/ Fay E. Ryan
FAY E. RYAN, ESQ.
Florida Bar No. 0965944
fryan@butler.legal
ADAM M. TOPEL, ESQ.
Florida Bar No. 113916
atopel@butler.legal
Secondary: rburnison@butler.legal
400 North Ashley Drive
Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Counsel for Appellant, Mt. Hawley
Insurance Company*

REED SMITH LLP

/s/ Garrett S. Nemeroff
Christopher T. Kuleba
Florida Bar No. 105302
ckuleba@reedsmith.com
Garrett S. Nemeroff
Florida Bar No. 111675
gnemeroff@reedsmith.com
200 South Biscayne Boulevard
Suite 2600
Miami, Florida 33131
Telephone: (786) 747-0200
Fax: (786) 747-0299
*Counsel for Appellee H&M
Builders, LLC*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on December 24, 2025, via the CM/ECF system.

/s/ Fay E. Ryan
FAY E. RYAN, Esq.

9